**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FAREED MADINAH,

       Petitioner,

v.                                CASE NO. 05-CV-73801-DT
                                HONORABLE PAUL D. BORMAN
                                UNITED STATES DISTRICT COURT

HELEN J. MARBERRY,

       Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

      Fareed Madinah, (petitioner), currently incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, petitioner claims that the Bureau of Prisons (BOP) wrongfully denied him credit against his federal sentence out of the U.S. District Court for the Eastern District of Wisconsin for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), for time spent in state custody on a prior state court sentence. For the reasons stated below, the § 2241 petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**I. Discussion**

      The instant petition must be dismissed, because petitioner acknowledges that he has failed to exhaust his administrative remedies with the BOP prior to filing the instant petition.

1

A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Little v. Hopkins*, 638 F. 2d 953, 954 (6th Cir. 1981); *see also Graham v. Snyder*, 68 Fed. Appx. 589, 590-91 (6th Cir. 2003). A federal prisoner is required to completely exhaust his administrative remedies prior to seeking habeas review of the BOP's calculation of the prisoner's sentencing credits. *United States v. Westmoreland*, 974 F. 2d 736, 737-38 (6th Cir. 1992); *See also United States v. Singh,* 52 Fed. Appx. 711, 712 (6th Cir. 2002).

A federal inmate may raise grievances through the BOP's Administrative Remedy Program. *See* 28 C.F.R. § 542.10, *et. seq.* Pursuant to this program, a federal inmate must first present his complaint informally to prison staff. 28 C.F.R. § 542.13. If the complaint cannot be resolved, the next step is for the federal inmate to file a "Request for Administrative Remedy" by filing a BP-9 form at the institution where the inmate is incarcerated. 28 C.F.R. § 542.14. An federal inmate who is not satisfied with the warden's response to his or her formal grievance may then appeal the warden's decision to the Regional Director on a BP-10 form within twenty days of the warden's decision. 28 C.F.R. § 542.15(a). A federal inmate who is not satisfied with the Regional Director's decision may file an appeal on a BP-11 form to the BOP's General Counsel within thirty days of the inmate receiving the Regional Director's response. *Id.*

In this case, this Court lacks subject matter jurisdiction over petitioner's 2241 habeas application, because he failed to appeal the decision of the Regional Director to deny his sentencing credit claim to the BOP's Office of General Counsel. *Singh,* 52 Fed.

Appx. at 712.

Petitioner contends that he was not required to exhaust his federal administrative remedies because he was incarcerated in a non-federal facility at the time that he initiated the grievance process and was therefore exempt from the exhaustion requirement pursuant to 28 C.F.R. § 542.10(b). Petitioner's argument is without merit. "[A] non-federal inmate must exhaust the administrative remedies available to federal inmates, even if that means that the individual will have to wait until he is a federal inmate before pursuing a hearing on his application." *Arashi v. United States*, 1995 WL 358676, *3 (S.D.N.Y. June 14, 1995).

Petitioner also claims that exhaustion would be futile. As an initial matter, because the exhaustion requirement for 2241 petitions which challenge the BOP's calculation of sentencing credits is jurisdictional, "a futility exception to the exhaustion requirement is questionable." *See Jaimes v. United States,* 168 Fed. Appx. 356, 359 (11th Cir. 2006). In any event, the arguments offered by petitioner are insufficient to establish that it would be futile to require exhaustion of administrative remedies.

Petitioner's correspondence with the regional inmate systems administrator (RISA) about his *nunc pro tunc* requests for sentencing credit, in which the RISA informed petitioner that the BOP could not grant him the relief that petitioner sought, does not establish that it would be futile for petitioner to exhaust the administrative remedies available to him. *See Hicks v. Jordan,* 165 Fed. Appx. 797, 799 (11th Cir. 2006).

Petitioner next appears to argue that exhaustion would be futile because he never

received a response from the Regional Director.  Petitioner's argument is unavailing.  The administrative procedure includes established response times. 28 C.F.R. § 542.18.  As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days.  Only one extension of time of 20-30 days, in writing, is permitted the agency.  If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level. *Id.*  Therefore, even though the Regional Director never replied to petitioner's complaint, petitioner was still obligated to pursue all levels of the administrative scheme to satisfy the exhaustion requirement. *See Hernandez v. Counselor Steward,* 1996 WL 707015, * 2 (D.Kan. November 27, 1996).

Finally, although the time period for filing an appeal with the General Counsel has expired, it would not be futile for petitioner to pursue this remedy because 28 C.F.R. § 542.15 authorizes the General Counsel to extend the appeals period for a valid reason. *See Bell v. U.S. Parole Com'n,* 863 F. 2d 47; 1988 WL 123603, * 1 (6th Cir. Nov 17, 1988)(Table).

## II.  ORDER

The Court concludes that Petitioner has not fully exhausted his administrative remedies.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus.  Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *Witham v. United States*, 355 F. 3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or the Sixth

Circuit before seeking to appeal this decision.

                                          s/Paul D. Borman
                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: August 15, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 15, 2006.

                                          s/Denise Goodine
                                          Case Manager